UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE DENTON MARTIN, :
:
Petitioner, :
: No. 1:17-CV-01058
vs. :
: (Judge Rambo)
TREVOR A. WINGARD, et al., :
:
Respondents :

MEMORANDUM

I.   Background

George Martin, an inmate presently confined at the Somerset State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondents are Superintendent Trevor Wingard and the Pennsylvania Attorney General.[1] The required filing fee has been paid. On June 28, 2017, Petitioner filed a motion to stay this action so that he can seek collateral relief via an action filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA")[2] in a Common Pleas Court

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, Superintendent Trevor Wingard will be deemed the Respondent in this matter.
[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of

1

in Pennsylvania. (Doc. No. 6.) Petitioner notes that he has not yet filed the PCRA but will notify this Court upon its final disposition. (Id.)

According to the petition, Martin was convicted of indecent assault, involuntary deviate sexual intercourse, corruption of minors, and unlawful contact with a minor. (Id.) He states that he was sentenced on February 27, 2013 to an 8 year to 20 year term of imprisonment. Martin provides that he did not file a direct appeal to these convictions but filed a PCRA alleging ineffective assistance of counsel on March 27, 2014. (Id.) Martin indicates that the Court of Common Pleas of Lancaster County, Pennsylvania "affirmed" his conviction on August 22, 2014. (Id.) Petitioner provides he petitioned the Supreme Court of Pennsylvania on April 3, 2017, but his petition was denied on May 31, 2017. (Id.)

## II. Discussion

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. Rather, it serves the interests of comity between the federal and state systems, by allowing

---

constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted

3

claims in state court. Rhines, 544 U.S. at 277. The United States Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154 (internal citations omitted).

Petitioner has requested a stay and admits that this pending § 2254 action includes a claim in the present case which requires him to file a PCRA in the Court of Common Pleas of Pennsylvania. As in Crews, Petitioner should not face the prospect of forfeiting federal court review of his issues. To this end, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Accordingly, Petitioner's request for a stay will be granted.

However, so that this matter moves forward, within thirty (30) days of disposition of Petitioner's PCRA, he will be required to file a written status report with this Court which includes a copy of the relevant state court disposition. Failure to timely file the required written status report may be deemed a failure to prosecute. Finally, upon demonstration by Petitioner that his relevant state court proceeding have concluded, the stay issued in this matter will be lifted. Until such

time, this matter will be marked closed for administrative purposes. An appropriate Order follows.[3]

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: July 11, 2017

---

[3] Petitioner is advised that the issuance of this Memorandum and Order does not preclude a future finding by this Court that his instant § 2254 action is time barred.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE DENTON MARTIN, :
:
    Petitioner, :
:     No. 1:17-CV-01058
vs. :
:     (Judge Rambo)
TREVOR A. WINGARD, et al., :
:
    Respondents :

**AND NOW, THEREFORE**, this 11th day of June 2017, in accordance with the accompanying Memorandum, **IT IS ORDERED THAT:**

1. Petitioner's request that disposition of his pending habeas corpus petition be stayed (Doc. No. 6) is **GRANTED**.

2. Adjudication of Petitioner's federal habeas corpus action is **STAYED**.

3. Within thirty (30) days of the termination of his state court proceedings, Petitioner is directed to file a written status report with the Court detailing the conclusion of his Pennsylvania state court exhaustion efforts and including a copy of the state court's disposition.

4. For administrative purposes only, the Clerk of Court is directed to mark this matter **CLOSED**.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge